UNITED STATES DISTRICT COURT

DISTRICT OF NEVADA

\* \* \*

| | |
|---|---|
| ANTHONY WALLACE,<br><br>Plaintiff,<br><br>v.<br><br>PENNYMAC LOAN SERVICES, LLC;<br>DAVID A. SPECTOR, CEO & CHAIRMAN;<br>DANIEL S. PEROTTI, CFO; 3043<br>Townsgate Road, Suite 200, Westlake<br>Village, CA 91361,<br><br>Defendants. | Case No. 2:25-cv-02297-APG-EJY<br><br>**ORDER** |

Pending before the Court is Plaintiff's Motion for Early Discovery (ECF No. 14). The Court considered the Motion and Defendants' Response (ECF No. 18). The Court finds Plaintiff has not met the burden he must to warrant the discovery he seeks.

With exceptions not relevant here, Federal Rule of Civil Procedure 26(d)(1) provides: "A party may not seek discovery from any source before the parties have conferred as required by Rule 26(f), except ... by court order." Fed. R. Civ. P. 26(d)(1). To seek relief from Rule 26(d)(1), the plaintiff must show good cause. *Semitool, Inc. v. Tokyo Electron Am., Inc.*, 208 F.R.D. 273, 276 (N.D. Cal. 2002). Good cause may be found "where the need for expedited discovery, in consideration of the administration of justice, outweighs the prejudice to the responding party." *Id.*; *see also Apple Inc. v. Samsung Elecs. Co.*, 768 F. Supp. 2d 1040, 1044 (N.D. Cal. 2011) ("Courts within the Ninth Circuit generally use the 'good cause' standard to determine whether to permit discovery prior to a Rule 26(f) conference.") (internal citations omitted). Moreover, "[g]ood cause for expedited discovery is frequently found in cases involving claims of infringement and unfair competition or in cases where the plaintiff seeks a preliminary injunction." *Twitch Interactive, Inc. v. Johnston*, Case No. 16-cv-03404-BLF, 2017 WL 1133520, at \*2 (N.D. Cal. Mar. 27, 2017) (internal citations omitted). "Good cause may also exist in cases where a defendant has failed to appear, resulting in the entry of default against the defendant, and the plaintiff is in need of evidence

to establish damages." *Id.*; *see also Adobe Sys. Inc. v. Bunhey*, Case No. EDCV 13-1365-VAP-OPx, 2013 WL 12140304, at *1 (C.D. Cal. Oct. 29, 2013). Several courts have found that a plaintiff's good cause for permitting early discovery is not met when a motion to dismiss is pending. *See Zavala v. Kruse-Western, Inc.*, Case No. 1:19-cv-00239-DAD-SKO, 2019 WL 3219254, at *2 (E.D. Cal. July 17, 2019); *Jones v. Micron Technology, Inc.*, Case Nos. 18-cv-02518-JSW (KAW), 18-cv-3805-JSW (KAW), 2019 WL 5406824, at *2 (N.D. Cal. Oct. 13, 2019); *Contentguard Holdings, Inc. v. ZTE Corp.*, Case No. 12-cv-1226-CAB (MDD), 2013 WL 12072533, at *2 (S.D. Cal. Jan. 16, 2013).

Here, Plaintiff has not met the good cause standard. This case does not involve an infringement of intellectual property rights or unfair competition, and Plaintiff does not seek immediate injunctive relief nor demonstrate some other imminent need. *Pink Lotus Entertainment, LLC v. Doe*, Case No. 2:11-cv-03073 WBS KJN, 2012 WL 260441, at **2-3 (E.D. Cal. Jan. 23, 2012). Further, Plaintiff is not seeking the identity of defendants. In fact, Defendants have appeared and are actively defending this case, which is demonstrated through a Motion to Dismiss that is fully briefed and argues that, as a matter of law, Plaintiff cannot state a claim. ECF No. 6.

A review of Plaintiff's Motion shows he seeks "document evidence" to support his claim of fraud, information regarding his RESPA claim, and information relating to "Defendants' authority to service" his loan. ECF No. 14 at 2; *see also id.* at 4 (in which Plaintiff provides a detailed description of the discovery sought). Although these subjects may well end up to be appropriate for discovery through interrogatories and document requests, Plaintiff does not establish a basis for engaging in this discovery before a Rule 26 conference. Plaintiff also does not mention, let alone address, that Defendants have filed a Motion to Stay Discovery (ECF No. 12) to which he has yet to respond. In sum, Plaintiff presents nothing to the Court supporting, let alone suggesting that "in consideration of the administration of justice" early discovery must be granted to ensure the fair administration of justice in this case.

1       Accordingly, IT IS HEREBY ORDERED that Plaintiff's Motion for Early Discovery (ECF No. 14) is DENIED.

Dated this 29th day of December, 2025.

_____
ELAYNA J. YOUCHAH
UNITED STATES MAGISTRATE JUDGE